UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ARTHUR BROWN, JR.,

    Plaintiff,

v.                                                                          CASE NO. 3:08-cv-1066-J-TEM

MICHAEL J. ASTRUE, Commissioner
of Social Security,

    Defendant.
_____

## ORDER AND OPINION

This cause is before the Court on Plaintiff's complaint (Doc. #1) seeking review of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying his claim for disability benefits. Plaintiff seeks reversal of the Commissioner's decision with directions for processing of payment, or alternatively, reversal and remand of the decision for further proceedings (Doc. #1). Plaintiff filed a legal brief in opposition to the Commissioner's decision (Doc. #13). Defendant filed a brief in support of the decision to deny disability benefits (Doc. #14). The Commissioner has filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number).

The undersigned has reviewed and given due consideration to the record in its entirety, including the parties' arguments presented in their briefs and the materials provided in the transcript of the underlying proceedings. Upon review of the record, the undersigned found the issues raised by Plaintiff were fully briefed and determined oral argument would not benefit the undersigned in making his determinations. Accordingly,

the instant matter has been decided on the written record.  For the reasons set out herein, **the Commissioner's decision is AFFIRMED**.

## I. Procedural History

Plaintiff Arthur P. Brown, Jr. filed an application for supplemental security income disability benefits ("SSI") on June 5, 2001, alleging disability as of September 30, 1998 (Tr. 479).  On August 19, 2003, a hearing was held before Administrative Law Judge James Russell (the "ALJ") (Tr. 432-72).  On October 2, 2003, the ALJ issued the first of two unfavorable decisions (Tr. 9-19).  Plaintiff appealed this denial.  On September 30, 2005, this Court remanded the Commissioner's decision for further administrative proceedings (Tr. 492-506).

Pursuant to this Court's order of remand, a second administrative hearing was held before the ALJ on March 16, 2006 (Tr. 898-920).  After which, the ALJ again denied Plaintiff's claim by decision dated July 25, 2006 (Tr. 477-90).  Subsequently, the Appeals Council affirmed the ALJ's July 25, 2006 decision, rendering it the final decision of the Commissioner.  Plaintiff now appeals.

## II. Standard of Review

A plaintiff is entitled to disability benefits under the Social Security Act if he or she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months.  42 U.S.C. § 1382c (a)(3)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a plaintiff's disabled and therefore entitled to benefits.  *See* 20 C.F.R.

§ 416.920(a)(4)(i-v);[1] *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997). Plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. *See also Richardson v. Perales*, 402 U.S. 389, 390 (1971).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982)).

Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

---

[1] Unless otherwise specified, all references to 20 C.F.R. will be to the 2009 edition.

The Commissioner must apply the correct law and demonstrate that he has done so. While the Court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of HHS*, 21 F.3d 1064, 1066 (11th Cir. 1994) (*citing Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must not re-weigh the evidence, but must determine whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

As in all Social Security disability cases, Plaintiff bears the ultimate burden of proving disability, and is responsible for furnishing or identifying medical and other evidence regarding his or her impairments. *Bowen*, 482 U.S. at 146 n.5; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); 42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he [or she] furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require"). It is a plaintiff's burden to provide the relevant medical and other evidence that he or she believes will prove disabling physical or mental functional limitations. 20 C.F.R. § 416.912(c).

### III. Discussion

Plaintiff alleges he became disabled in September 1998 due to right knee, back, and neck pain stemming from a work-related trucking accident (Tr. 46, 117, 479). Plaintiff was fifty-three (53) years old at the time of second (March 2006) hearing (Tr. 901). Plaintiff has a high school education, with one year of college (Tr. 901). In his October 2003 decision,

4

the ALJ determined Plaintiff had the following "severe" impairments: degenerative disc disease of the lumber spine and right knee pain associated with a meniscus injury (Tr. 13). After the Court's remand, in his July 2006 decision, the ALJ determined that Plaintiff had the following "severe" impairments: congestive heart failure, degenerative disc disease of the lumber spine, history of arthritis of the knee, status post arthroscopic knee surgery, diabetes mellitus, and a history of non-severe affective disorder (Tr. 482).[2]

After a review and evaluation of the medical evidence and subjective testimony, the ALJ found Plaintiff retains the following residual functional capacity ("RFC"): to lift and/or carry, and push/pull 20 pounds occasionally, 10 pounds frequently; stand and/or walk for approximately 2 hours in an 8-hour workday, and sit for approximately 6 hours in an 8-hour workday; an unlimited ability to use his arms and hands for routine grasping, holding, and turning objects; occasionally bend and/or stoop, but no climbing of ladders; and no significant mental limitations (Tr. 487).[3] The ALJ found this RFC limits Plaintiff to a "range of light exertional level work" (Tr. 487).[4] The ALJ additionally found Plaintiff's past relevant work experience consists of: truck driver; shipping and receiving clerk; and slitter machine

---

[2] The Court remanded the Commissioner's October 2003 decision because the Court found the ALJ made various misstatements of the record that made a meaningful appellate review untenable (Tr. 497, 498-503). In his current appeal, Plaintiff does not claim the ALJ failed to address matters pertaining to the Court's remand order (*see* Doc. #13). Also, the undersigned would note that, with the exception of continuing to state that Plaintiff reported to a psychiatrist on August 11, 2000 that he was capable of doing light housework (when the correct date of this report is September 25, 2000) and stating that at both hearings Plaintiff testified that he drives regularly (when at the second hearing Plaintiff testified that he discontinued driving), the ALJ appears to have otherwise correctly characterized the record evidence (*see* Tr. 16, 176, 486, 502, 915).

[3] In his current appeal, Plaintiff does not contest the ALJ's RFC assessment (Doc. #13 at 7).

[4] Light work, as defined by the Regulations, requires the ability to lift and carry 20 pounds occasionally and up to 10 pounds frequently, sitting up to 6 hours of an eight-hour workday, and standing/walking 6 or more hours in an eight-hour workday. 20 C.F.R. § 416.967(b); *see also* SSR 83-10, 1983 WL 31251, at *5 (S.S.A. Nov. 30, 1982).

operator (Tr. 17).

At the first administrative hearing (August 2003), vocational expert, Donna Mancini (the "VE"), appeared and testified (Tr. 451-69). In his July 2006 decision, the ALJ adopted Donna Mancini's testimony concerning Plaintiff's past relevant work and other jobs Plaintiff can perform despite his limitations (Tr. 489-90).[5] Relying on Donna Mancini's testimony, the ALJ found a significant number of light jobs exist in the national and regional economy that Plaintiff can perform despite his limitations, including the occupations of: mobile lounge driver; toll collector; and pari-mutuel ticket seller (Tr. 489).[6] Based on his evaluation of Plaintiff's RFC, and his determination that Plaintiff can perform a significant number of other jobs in the regional and national economy, the ALJ found Plaintiff not disabled at Step 5 of the sequential evaluation process (Tr. 489-90).

On appeal, Plaintiff first argues the ALJ erred in posing a hypothetical question to Donna Mancini which limited him to walking or standing for only up to two (2) hours in an eight-hour workday when the Regulations define Light work as the ability to walk or stand for approximately six (6) hours out of an eight-hour workday (Doc. #19 at 8, 9). More

---

[5]Vocational expert, Mark Capps, was present at the second (March 2006) administrative hearing; however, neither the ALJ, nor Plaintiff's attorney questioned Mr. Capps (*see* Tr. 919-20). Mr. Capps merely completed a form entitled "Past Relevant Work Summary," which was entered into the record (Tr. 622-23, 919).

[6]The undersigned recognizes that Plaintiff testified he discontinued driving due to his right knee problems, which arguably could preclude the occupation of mobile lounge driver (Tr. 915). Nevertheless, even if the occupation of mobile lounge driver was eliminated as a representative occupation, the remaining occupations of toll collector and pari-mutuel ticket seller do not require driving as part of the job. Consequently, any error that could be attributed to the ALJ in this regard would be harmless. Various courts, including this one, have addressed harmless error with their findings. In *Diorio v. Heckler*, 721 F.2d 726 (11th Cir. 1983), the court found harmless error when the ALJ made erroneous statements of fact, but applied the proper legal standard when considering the vocational factors in application of the GRIDS. *Id.* at 728. In *Wright v. Barnhart*, 153 Fed.Appx. 678 (11th Cir. 2005), the court noted though although the ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and normally failure to do so is reversible error, such failure was harmless error when correct application of the Regulations would not contradict the ALJ's ultimate findings. *Id.* at 684.

particularly, Plaintiff specifically contends that the ALJ's limitation to approximately 2 hours of standing/walking (as opposed to approximately 6 hours of standing/walking) per workday is more akin to Sedentary level work rather than Light level work, and should have been classified as such by the ALJ (Doc. #13 at 7). Plaintiff maintains the ALJ committed reversible error in this regard because the 2 hour walking/standing requirement is inconsistent with the ability to perform Light duty positions (Doc. #13 at 7). The Court, however, is not persuaded by this argument for the reasons that follow.

If someone can do Light work, the Regulations provide that he or she can also do Sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 416.967(b). In order to perform a full range of Light work, an individual must be able to remain standing or walking for approximately six (6) hours out of an eight-hour workday. 20 C.F.R. § 416.967(b). SSR 83-12, 1983 WL 31253 (S.S.A. 1983) provides, however, that where the individual is not functionally capable of doing the prolonged walking or standing contemplated in the definition of Light work, the full range of Light work will be eroded. *Id.* at *4. Such an individual may need to alternate the required walking or standing of Light work by sitting periodically. *Id.* at *4. The fact the occupational base is eroded does not necessitate a finding of disability if there exists a significant number of jobs a claimant can perform despite his or her prolonged walking or standing limitations. *Id.* at *3. The Ruling states the ALJ should consult with a VE to determine the extent of occupational base erosion and whether a significant number of jobs continue to exist considering the individual's limitations. *Id.* at *3-4.

Plaintiff's argument in this regard is unpersuasive because, although in order to perform the full range of Light work an individual would have to be able to walk or stand for approximately six (6) hours in an eight-hour workday, in the case at bar, the ALJ did not find Plaintiff could perform the full range of Light work.  Instead, the ALJ determined that Plaintiff was capable of performing a significant, but not a full range of Light work as defined in 20 C.F.R. § 416.967(b) (Tr. 487).  The ALJ found Plaintiff's "ability to perform all or substantially all of the requirements of this level of work [Light work] has been impeded by additional limitations" (Tr. 489).  Therefore, the testimony of a vocational expert was used to help the ALJ determine whether there were a significant number of jobs in the economy that Plaintiff can perform given his RFC and other vocational factors (*see* Tr. 457-69).

The ALJ found Plaintiff can walk or stand for a maximum of two (2) hours out of an eight-hour workday and that he can sit for up to six (6) hours (Tr. 487).  According to the Eleventh Circuit, in order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments. *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999) (superseded by statute on other grounds as recognized in *Leonard v. Astrue*, 487 F.Supp.2d 1333 (M.D. Fla. 2007)).

Here, the ALJ consulted a vocational expert in order to determine whether a significant number of jobs exist in the national and regional economy that Plaintiff can perform despite his limitations (Tr. 457-69).  The VE testified that, given Plaintiff's limitations, Plaintiff would be able to perform the requirements of occupations such as mobile lounge driver, toll collector, and pari-mutuel ticket seller (Tr. 489).[7]

---

[7]Although Plaintiff reports using a cane (Tr. 485), the VE testified that use of a cane would not affect Plaintiff's ability to perform the representative occupations, *supra* (Tr. 459).

8

> Pursuant to SSR 83-12:
>
> A V[E] can assess the effect of any limitation on the range of work at issue (*e.g.*, the potential occupational base); advise whether the impaired person's RFC permits him or her to perform substantial numbers of occupations within the range of work at issue; identify jobs which are within the RFC, if they exist; and provide a statement of the incidence of such jobs in the region in which the person lives or in several regions of the country.

1983 WL 31253, at *3.

By posing a hypothetical question to the VE that comprised all of Plaintiff's limitations that are supported by the record, the ALJ did not err in applying the correct legal standards, *supra*, and his determination that other jobs exist in significant numbers which Plaintiff can perform despite his limitations is supported by substantial evidence. *See Orestano v. Comm'r of Soc. Sec.*, 252 Fed. Appx. 962, 963-64 (11th Cir. 2007).[8]

Plaintiff next argues (in a perfunctory manner) that the ALJ erred because he did not pose any hypothetical questions to Mr. Capps (the VE present at the second, March 2006, administrative hearing) (Doc. #13 at 9). More particularly, Plaintiff maintains the ALJ should have questioned Mr. Capps with respect to limitations that stem from Plaintiff's later-established severe impairments of cardiomyopathy,[9] congestive heart failure, diabetes mellitus, and bilateral shoulder difficulty (Doc. #13 at 9).

Plaintiff, however, has not identified how he is limited by said additional impairments; he merely states that the ALJ should have "discussed what limitations were present

---

[8] Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

[9] Cardiomyopathy is a weakening of the heart muscle or a change in heart muscle structure. It is often associated with inadequate heart pumping or other heart function problems. MedlinePlus, U.S. National Library of Medicine, http://www.nlm.nih.gov/medlineplus/ency/article/001105.htm (last visited March 15, 2010).

9

because of all medical conditions and should have formulated new hypothetical questions for the vocational expert [Mr. Capps]. . . " (Doc. #13 at 9). In support of this argument, Plaintiff neither cited to the record, nor did he provide any supporting facts (other than enumerating the subject impairments, *supra*) (*see* Doc. 13 at 9-10). As such, the issue is due to be deemed waived. *See N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir.1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); *Cont'l Technical Services v. Rockwell Int'l Corp.*, 927 F.2d 1198, 1199 (11th Cir.1991) (finding that a "simple contention" does not present an argument and therefore is waived); *see also Callahan v. Barnhart*, 186 F.Supp.2d 1219, 1230 n. 5 (M.D. Fla. 2002) ("Such a cursory treatment of a potentially important issue is taken by this Circuit [the Eleventh Circuit] to be a sign that the party has abandoned the issue."). Nevertheless, the undersigned shall address Plaintiff's argument in this regard.

The fact the ALJ did not pose a hypothetical question to Mr. Capps does not necessitate remand in this instance because an ALJ is not required to include unsupported allegations in a hypothetical question posed to a vocational expert. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (finding an ALJ is not required to instruct the VE to assume conditions that he or she does not find exist). The hypothetical question must "incorporate reasonably all disabilities of the claimant recognized by the ALJ." *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994).

Notwithstanding the list of diagnoses, *supra*, Plaintiff ignores established jurisprudence that a diagnosis alone is an insufficient basis for finding that an impairment is severe. *See Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1211 (M.D. Ala. 2002); *see also*

*McCray v. Massanari*, 175 F.Supp.2d 1329, 1334 (M.D. Ala. 2001) (finding the claimant must provide more than evidence of a listed diagnosis to prove disability under one of the listed impairments). The severity of a medically ascertained impairment must be measured in terms of its effect upon a claimant's ability to work and not simply in terms of deviation from medical standards of bodily normality. *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986); *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005) (finding the mere existence of impairments "does not reveal the extent to which they limit [a claimant's] ability to work or undermine the ALJ's determination in that regard").

Here, Plaintiff has not provided evidence of any work-related functional limitations resulting from his severe impairments of diabetes, congestive heart failure, or cardiomyopathy beyond those assessed by the ALJ.

To illustrate, concerning Plaintiff's diabetes, the ALJ correctly stated that Plaintiff's treating source, Charles Day, M.D. ("Dr. Day"), repeatedly stated that his diabetes is under control with oral medication (*see* Tr. 484, 694, 696, 698, 700, 702, 704, 706, 710). Conditions that are controlled with medication are not disabling. *Fraga v. Bowen*, 810 F.2d 1296, 1305 (5th Cir. 1987) (*citing James v. Bowen*, 793 F.2d 702, 706 (5th Cir. 1986)); *see also Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988) (medical conditions that can reasonably be remedied by medication are not disabling). Consequently, since his diabetes is well controlled with medication, Plaintiff has not shown any work-related limitations resulting from his diabetes that should have been presented to the VE at the March 2006 hearing.

Concerning Plaintiff's heart impairments, Kiran Kareti, M.D. ("Dr. Kareti") noted, in January 2005, that Plaintiff's functioning is limited from this condition to the extent that he

11

cannot perform strenuous activity or heavy lifting, although he "can do activities of daily living" (Tr. 749). Strenuous activity or heavy lifting is not required for Light work activity (*see* 20 C.F.R. § 416.967(b)); thus, Plaintiff has not shown specific heart-related work limitations that should have been posed to the VE at the March 2006 hearing.

With respect to Plaintiff's bilateral shoulder difficulty, Plaintiff has not shown any specific limitations that would prevent a range of Light work, as found by the ALJ. To illustrate, the record reflects that, in October 2005, Plaintiff saw Stephen Augustine, D.O. ("Dr. Augustine") complaining of left shoulder pain that began in 2005 (Tr. 892). Plaintiff reported occasional difficulty reaching overhead; however, he wanted to be "more functionally active, and [was] even doing some light weight training at home" (Tr. 892). Dr. Augustine "[d]eclined injection" of Plaintiff's shoulder and recommended physical therapy and shoulder strengthening exercise (Tr. 893). On November 21, 2005, Dr. Augustine noted that, while Plaintiff "does have a painful arc between 90 and 110 degrees of shoulder elevation," his shoulder range of motion ("ROM") "is within normal limits" (Tr. 884). On December 12, 2005, Dr. Augustine noted that Plaintiff had full ROM of bilateral shoulders, but that he complained of pain "in the extremes of shoulder elevation" (Tr. 882). Dr. Augustine prescribed Plaintiff Lortab[10] for pain but "emphasized that no more prescriptions will be provided if the patient [Plaintiff] does not comply with physical therapy" (Tr. 883).

The ALJ found Plaintiff has an unlimited ability to use his arms and hands for routine grasping, holding, and turning objects, but no climbing of ladders (Tr. 486). Based on the foregoing, the undersigned finds Plaintiff has not provided evidence of work-related

---

[10]Lortab is a narcotic pain medication used to treat moderate to severe pain. Drugs.com, http://www.drugs.com/lortab.html (last visited March 15, 2010).

limitations beyond those assessed by the ALJ; thus, the ALJ's reliance on the hypothetical question posed to the VE at the August 2003 hearing was appropriate (*see* Tr. 457-59, 479-90). *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (finding an ALJ is not required to instruct the VE to assume conditions that he or she does not find exist).

As in all Social Security disability cases, the claimant bears the ultimate burden of proving disability, and is responsible for furnishing or identifying medical and other evidence regarding his or her impairments. *Bowen*, 482 U.S. at 146 n.5; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *McSwain v. Bowen*, 814 F.2d at 619); 42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he [or she] furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require.") It is the plaintiff's burden to provide the relevant medical and other evidence that he or she believes will prove they suffer from disabling physical or mental functional limitations. 20 C.F.R. § 416.912.

## IV. Conclusion

Upon due consideration, the undersigned finds the decision of the Commissioner was decided according to proper legal standards and is supported by substantial evidence. As neither reversal nor remand is warranted in this case, the decision of the ALJ is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of the Court is directed to enter judgment consistent with this ruling and, thereafter, to close the file. Each party shall bear its own fees and costs.

**DONE AND ORDERED** at Jacksonville, Florida this 29th day of March, 2010.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge